Dismissed and Memorandum Opinion filed December 4, 2008








Dismissed
and Memorandum Opinion filed December 4, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00948-CR

____________

 

ERIC NICHOLAS MILTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
262nd District Court

Harris County, Texas

Trial Court Cause No. 1112029

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a Aguilty@ plea to aggravated assault.  In accordance with the terms of a plea
bargain agreement with the State, the trial court sentenced appellant on
October 10, 2007, to confinement for fifteen years in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant filed a pro se
notice of appeal.  We dismiss the appeal.  

The
trial court entered a certification of the defendant=s right to appeal in which the court
certified that this is a plea bargain case, but the trial court has given permission
to 








appeal, and the defendant
has the right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  

The
appeal was abated for a hearing to determine whether appellant was entitled to
counsel on appeal.  A hearing was held February 7, 2008.  The record reflects
the trial  court did not grant permission to appeal and the certification was a
clerical error.  Defense counsel stated on the record it was a plea bargain and
agreed with the trial court that it Awas not the intention of either party
to allow the Defendant to appeal this standard plea bargain.@  Further, the trial court stated, AI, as the presiding judge of the 262nd,
am not giving him special permission to appeal this because it was a standard
plea bargain.@

When a
complete record is present, we are obligated to examine the record to determine
whether the trial court=s certification is defective.   See Dears v. State,
154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).  The record reflects the trial
court did not grant permission to appeal.  In his appellate brief, appellant
concedes he has no right of appeal because the trial court did not grant
permission to appeal.  

Appellant
entered a plea of Aguilty@ and the punishment did not exceed that recommended by the
prosecutor and agreed to by the defendant.  See Tex. R. App. P. 25.2(a)(2).  The trial court did not grant
permission to appeal and there were no pretrial written motions upon which the
trial court ruled adversely to the defense.  Id.  Accordingly, appellant
has no right of appeal.  Id.

The
appeal is dismissed.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed
December 4, 2008.

Panel consists of Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b)